IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID PELLEY, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:13-cv-895 |
| | ) |
| v. | ) Judge Mark R. Hornak |
| | ) |
| CAROLYN W. COLVIN,[1] | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

### I. INTRODUCTION

Plaintiff, David Pelley, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), for judicial review of the final determination of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") /disability insurance benefits ("DIB") under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 401-403; 1381-1383(f).

### II. BACKGROUND

#### A. Facts

Plaintiff was born on April 3, 1958, and was 53 years old at the time of the ALJ's decision. (Tr. 40). Mr. Pelley graduated from high school, has no formal education beyond that,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, succeeding former Commissioner Michael J. Astrue. Social Security History - Social Security Commissioners, http://www.ssa.gov/history/commissioners.html (last visited on July 23, 2014). As a result, Acting Commissioner Colvin is now the official-capacity defendant in this action. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); Fed. R. Civ. P. 25(d).

and his past relevant work includes employment as a taxi driver, automobile mechanic, general laborer, and as a service manager. *Id.* at 40-44.

Plaintiff alleges disability as of June 30, 2008, *id.* at 133, due to narcolepsy, depression, carpal tunnel syndrome in his hands, a swollen left ankle, a lump on the bottom of his left foot, and a history of neck and back pain, *id.* at 150. Mr. Pelley testified that he last worked in 2007, *id.* at 41, but a June 16, 2008 progress note does show that he was working at a trailer repair shop at that time, *id.* at 205; *see also id.* at 151 (Disability Report representing that Mr. Pelley worked as a laborer for a trailer manufacturer until June of 2008). The record reflects that Plaintiff has not engaged in substantial gainful work activity since his alleged date of disability.

### B.     Procedural History

Plaintiff initially filed an application for SSI/DIB on September 15, 2009, in which he claimed total disability since June 30, 2008. *Id.* at 57-58. An administrative hearing was held on October 18, 2011, before Administrative Law Judge David J. Kozma ("ALJ"). *Id.* at 28. Plaintiff was represented by counsel and testified at the hearing. *Id.* at 39. Tania J. Shullo, an impartial vocational expert ("VE"), also testified at the hearing. *Id.* at 9, 54.

On October 26, 2011, the ALJ rendered a decision unfavorable to Plaintiff in which he found that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy, and therefore, is not "disabled" within the meaning of the Act. *Id.* at 20. The ALJ's decision became the final decision of the Commissioner on May 8, 2013, when the Appeals Council denied Plaintiff's request to review the decision of the ALJ. *Id.* at 1.

On June 25, 2013, Plaintiff filed his Complaint in this Court seeking judicial review of the decision of the ALJ. The parties have filed cross-motions for summary judgment, and for the

reasons that follow, the Court will grant the Motion for Summary Judgment filed by the Commissioner and deny the Motion for Summary Judgment filed by Plaintiff.

## III.  LEGAL ANALYSIS

### A.  Standard of Review

The Act limits judicial review of disability claims to the Commissioner's final decision. 42 U.S.C. § 405(g). If the Commissioner's finding is supported by substantial evidence, it is conclusive and must be affirmed by the Court. 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). The United States Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It consists of more than a scintilla of evidence, but less than a preponderance. *Thomas v. Comm'r of Soc. Sec.*, 625 F.3d 798, 800 (3d Cir. 2010).

In situations where a claimant files concurrent applications for SSI and DIB, courts have consistently addressed the issue of a claimant's disability in terms of meeting a single disability standard under the Act. *See Burns v. Barnhart*, 312 F.3d 113, 119 n.1 (3d. Cir. 2002) ("This test [whether a person is disabled for purposes of qualifying for SSI] is the same as that for determining whether a person is disabled for purposes of receiving social security disability benefits [DIB]. Compare 20 C.F.R. § 416.920 with § 404.1520."); *Sullivan v. Zebley*, 493 U.S. 521, 525 n.3 (1990) (holding that regulations implementing the Title II [DIB] standard, and those implementing the Title XVI [SSI] standard are the same in all relevant aspects.); *Morales v. Apfel*, 225 F.3d 310, 315-16 (3d. Cir. 2000) (stating claimants' burden of proving disability is the same for both DIB and SSI).

When resolving the issue of whether an adult claimant is or is not disabled, the Commissioner utilizes a five-step sequential evaluation. 20 C.F.R. §§ 404.1520, 416.920. This process requires the Commissioner to consider, in sequence, whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work. *See* 42 U.S.C. § 404.1520; *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545-46 (3d Cir. 2003) (quoting *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 118-19 (3d Cir. 2000)).

To qualify for disability benefits under the Act, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period." *Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001) (internal citation omitted); 42 U.S.C. § 423(d)(1). This may be done in two ways:

(1) by introducing medical evidence that the claimant is disabled *per se* because he or she suffers from one or more of a number of serious impairments delineated in 20 C.F.R. pt. 404, subpt. P, app. 1, *see Heckler v. Campbell*, 461 U.S. 458 (1983); *Newell,* 347 F.3d at 545-46; *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004); or,

(2) in the event that the claimant suffers from a less severe impairment, by demonstrating that he or she is nevertheless unable to engage in "any other kind of substantial gainful work which exists in the national economy," *Campbell,* 461 U.S. at 461 (citing 42 U.S.C. § 423(d)(2)(A)).

In order to prove disability under the second method, a claimant must first demonstrate the existence of a medically determinable disability that precludes the claimant from returning to

4

his or her former job. *Newell,* 347 F.3d at 545-46; *Jones,* 364 F.3d at 503. Once it is shown that the claimant is unable to resume his or her previous employment, the burden shifts to the Commissioner to prove that, given the claimant's mental or physical limitations, age, education and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy. *Rutherford,* 399 F.3d at 551; *Newell,* 347 F.3d at 546; *Jones,* 364 F.3d at 503; *Burns,* 312 F.3d at 119.

Where a claimant has multiple impairments that may not individually reach the level of severity necessary to qualify any one impairment for Listed Impairment status, the Commissioner nevertheless must consider all of the impairments in combination to determine whether, collectively, they meet or equal the severity of a Listed Impairment. *Diaz v. Comm'r of Soc. Sec.,* 577 F.3d 500, 502 (3d Cir. 2009); 42 U.S.C. § 423(d)(2)(B) ("in determining an individual's eligibility for benefits, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity").

In this case, the ALJ determined that Plaintiff was not disabled within the meaning of the Act at the fifth step of the sequential evaluation process, after determining that, considering Plaintiff's age, education, work experience, residual functional capacity ("RFC"), and the VE's testimony, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

## B. Discussion

As set forth in the Act and applicable case law, this Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler,* 806 F.2d 1185, 1190 (3d Cir. 1986), *cert. denied,* 482 U.S. 905 (1987). The

5

Court must simply review the findings and conclusions of the ALJ to determine whether they are supported by substantial evidence. 42 U.S.C. § 405(g); *Schaudeck v. Comm'n of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).

Plaintiff contends that the ALJ erred when he failed to give "controlling weight, or at minimum, great weight to the opinions of Plaintiff's treating physicians, including most importantly Dr. Guillermo Borrero and Dr. Joy Boone," and failed "to give proper and total credit to the Plaintiff's testimony regarding his pain and stated limitations . . . [and] provide [] specific, cogent reasons for [his] disbelief." Pl.'s Br. in Supp. of Mot. for Summ. J., ECF No. 10, at 9-10. The Commissioner contends that the ALJ's decision should be affirmed because it is supported by substantial evidence.

Controlling weight may be given to the opinion of a treating physician if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and not "inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2). This is so because treating sources are likely to have a "detailed, longitudinal picture" of a claimant's medical condition and "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* Contrary to Plaintiff's assertion, Drs. Borrero and Boone were not Plaintiff's treating physicians. As the ALJ noted, Drs. Borrero and Boone each interviewed Plaintiff on only one occasion before completing their reports, and neither of them had an established treatment history with Plaintiff, so the treating-physician standard does not apply. *See* (Tr. 17).

As for the opinions of physicians who are not treating sources, "the more a medical source presents relevant evidence to support an opinion, particularly medical signs and

6

laboratory findings, the more weight we will give that opinion," and "[t]he better an explanation a source provides for an opinion, the more weight we will give that opinion." 20 C.F.R. § 404.1527(c)(3). As for context, "the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion." § 404.1527(c)(4). In the end, while "the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence that he rejects and his reason(s) for discounting that evidence." *Fargnoli*, 247 F.3d at 43.

Here, as to the opinions of Drs. Boone and Borrero, the ALJ explained that "Dr. Boone's opinion is quite conclusory,[2] providing very little explanation of the evidence relied on in forming his opinion." (Tr. 17). "It is also emphasized that the claimant underwent an examination with Dr. Borrero not in an attempt to seek treatment for symptoms, but rather, [via an] attorney referral and in connection with an effort to generate evidence for the current appeal." *Id.* The ALJ concluded that there was nothing "in the medical record, other than the conclusory statements such as those of Dr. Borrero, which are corroborative of [their opinions of Plaintiff's] limitations," *id.*, and "[f]urther, both doctors did not have the benefit of reviewing all of the medical reports contained in the current record,"[3] *id.; see also id.* (finding the medical source statement by the psychologist Mr. Mrus similarly unpersuasive because he only interviewed Plaintiff one time and his conclusions are inconsistent with the remainder of the record medical evidence).

---

[2] Dr. Boone's opinion consists of a check-the-box form. (Tr. 223). *See Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best. . . . [W]here these so-called "reports are unaccompanied by thorough written reports, their reliability is suspect.").

[3] *See* 20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6) ("the extent to which an acceptable medical source is familiar with the other information in your case record [is a] relevant factor[] that we will consider in deciding the weight to give to a medical opinion").

7

While Plaintiff is correct in noting that Dr. Boone found Plaintiff to be temporarily disabled, *id.* at 223, this finding was for a period of six months, which does not satisfy the Act's durational requirement of at least twelve months, *see* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A), and regardless, it is the Commissioner's responsibility, not a medical source's responsibility, to make the ultimate determination of whether or not a claimant is disabled, *see* 20 C.F.R. § 404.1527(d)(1); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) ("The ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations.").

The ALJ also explained how the medical opinions of Drs. Boone and Borrero were at odds with the medical record and therefore not entitled to great weight. "Both Dr. Boone and Dr. Borre[r]o's opinions are inconsistent with the remainder of the medical evidence that show physical examinations to be within normal limits despite some pain and swelling." (Tr. 17). "There have been no hospitalizations, outpatient or emergency room visits or surgical treatment of his alleged physical impairments. Similarly, treatment notes and mental examinations showed the claimant to be generally functioning within normal limits with no more [than] a moderate limitation, which is taken into account, below." *Id.* As for Plaintiff's alleged mental limitations, "[t]here have been no psychiatric hospitalizations, outpatient or emergency room visits or a referral to any mental health specialist for his alleged mental impairments." *Id.* This Court concludes that the ALJ sufficiently explained why he did not give the opinions of Drs. Borrero and Boone controlling weight in his decision.

Finally, Plaintiff contends that the ALJ failed to give "total credit" to Plaintiff's own testimony about his "totally disabling" symptoms, and failed to provide specific reasons for discounting Plaintiff's testimony. This Court concludes otherwise. Credibility determinations

8

about a claimant's testimony regarding his limitations are for the ALJ to make, *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983), given that the ALJ has the opportunity to assess the demeanor of the claimant in the context of the claimant's medical record as a whole, *Ochs v. Comm'r of Soc. Sec.*, 187 Fed. Appx. 186, 190-91 (3d Cir. 2006). "Allegations of pain and other subjective symptoms must be supported by objective medical evidence." *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999) (citing 20 C.F.R. § 404.1529); 20 C.F.R. § 404.1529 ("In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."); *Wilson v. Apfel*, 1999 WL 993723, at *3 (E.D. Pa. 1999), *aff'd*, 225 F.3d 651 (3d Cir. 2000) (explaining that the ALJ may discount subjective complaints of pain if they are inconsistent with the record as a whole).

Here, the ALJ provided numerous reasons, grounded in the record and the requirements of 20 C.F.R. §§ 404.1529, 416.929 and Social Security Ruling 96-7P, 1996 WL 374186 (S.S.A. 1996), for finding Plaintiff's subjective complaints not entirely credible. As evidence that Plaintiff has a higher level of functioning than he claims, the ALJ pointed to, among other things, the opinion of Plaintiff's treating physician Dr. Antoncic that Plaintiff would only be limited from heavy manual labor; *see id.*; the regular or daily activities that Plaintiff performs – despite his "longstanding history of osteoarthritis, narcolepsy, carpal tunnel syndrome, back and neck pain and anxiety and depression" – such as cutting grass, vacuuming, readings, going for walks, running errands, washing clothes, driving, preparing meals, using a snow blower, grocery shopping, and caring for his mother; *see id.*; *Chandler*, 667 F.3d at 363; the effectiveness of Plaintiff's medications; *see* 20 C.F.R. §§ 404.1529, 416.929; S.S.R. 96-7P; the absence from the record of any frequent hospitalizations, emergency room visits, or surgical treatment for

9

Plaintiff's conditions; *see id.*; and that Plaintiff's treatment for symptoms of depression and anxiety was conservative and routine in nature, without any hospitalizations, emergency room visits, or outpatient treatment, *see id.*; (Tr. 14, 15, 18).[4] The ALJ sufficiently explained why he found Plaintiff's subjective complaints not wholly credible and therefore, his decision in that regard is supported by substantial evidence.

## IV. CONCLUSION

Plaintiff is correct in asserting that, based on the medical evidence, he has a number of impairments. However, the five-step sequential evaluation does not stop there. As the ALJ found, Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments; Plaintiff has the RFC to perform light work in a low-stress work environment; and while Plaintiff is unable to perform any of his past work, there are still jobs that exist in significant numbers in the national economy that Plaintiff can perform. Under the applicable standards of review and the current state of the record, the Court must defer to the reasonable findings of the ALJ and his conclusion that Plaintiff is not disabled within the meaning of the Social Security Act. For these reasons, the Court will grant the Motion for Summary Judgment filed by the Commissioner and deny the Motion for Summary Judgment filed by Plaintiff.

An appropriate Order will follow.

Dated: July 23, 2014
cc: All counsel of record

Mark R. Hornak
United States District Judge

---

[4] Although a claimant's "conservative" treatment is alone an insufficient justification for doubting that claimant's representations about his or her allegedly severe pain and other symptoms, *see Sykes v. Apfel*, 228 F.3d 259, 274 n. 9 (3d Cir. 2000), here, the ALJ considered Plaintiff's "routine" treatment in the context of his treating physician's reports, the nature of his daily activities, and the effectiveness of his treatment and related medications.

10

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID PELLEY, )
)
        Plaintiff, ) Civil Action No. 2:13-cv-895
)
v. ) Judge Mark R. Hornak
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

## JUDGMENT

AND NOW, this 23rd day of July, 2014,

IT IS ORDERED that final judgment of this Court is entered in favor of the Defendant, Commissioner of Social Security, and against the Plaintiff, David Pelley.

                              /s/ Mark R. Hornak
                              Mark R. Hornak
                              United States District Judge

cc: All counsel of record